**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

NELSON BEGAY,

      Defendant-Appellant.

No. 98-4195
(D.C. No. 91-CR-156-S)
(Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Nelson Begay pled guilty in 1991 to two counts of abusive sexual conduct, one count based on conduct in 1986 and one count based on conduct in 1991. He was sentenced in 1992 to 108 months in prison on the first count and 24 months

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in prison followed by three years of supervised release on the second count, the sentences to run concurrently. Mr. Begay began his term of supervised release in 1997. After Mr. Begay admitted violating the terms of his supervised release, he was sentenced to nine months incarceration to be followed by 27 months of supervised release. Mr. Begay appeals the sentence. Based on *Johnson v. United States*, No. 99-5153, 2000 WL 574359 (U.S. May 15, 2000), we affirm.

On appeal, Mr. Begay contends that under the sentencing statute in effect at the time of his offenses, 18 U.S.C. § 3358(e)(3), the court lacked authority to impose a term of supervised release after reimprisonment. He further argues that application to him of the 1994 amendment to that statute, *id.* § 3358(h), which expressly authorized such terms of supervised release, violates the Ex Post Facto Clause.

The Supreme Court in *Johnson* considered the statutes at issue here and addressed the same arguments made by Mr. Begay. At the time Mr. Begay was convicted and sentenced, the imposition of terms of supervised release was governed by 18 U.S.C. § 3583(e)(3), which did "not speak directly to the question whether a district court revoking a term of supervised release in favor of reimprisonment may require service of a further term of supervised release following the further incarceration." *Johnson*, 200 WL 574359, at *6. The statute was amended in 1994 by the addition of section 3583(h), which "explicitly

gave district courts the power to impose another term of supervised release following imprisonment, a power not readily apparent from the text of § 3583(e)(3)." *Id.* at *3.

The Court held in *Johnson* that section 3583(h) "applies only to cases in which [the] initial offense occurred after the effective date of the amendment, September 13, 1994." *Id.* at *5. Because Mr. Begay's offenses occurred before that effective date, the amendment does not apply to him and we need not address his ex post facto argument.

Mr. Begay also asserts that section 3583(e)(3), the statute in effect at the time of his offenses, did not authorize imposition of a term of supervised release following incarceration. The Court held to the contrary in *Johnson*, however, stating that "in applying the law as before the enactment of subsection (h), district courts have the authority to order terms of supervised release following reimprisonment." *Id.* at *9. The district court did not err in resentencing Mr. Begay.

We **AFFIRM** the judgment of the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-3-